UNITED STATES of America, Appellee,

v.

Diego BEDOYA, Defendant–Appellant.

No. 929, Docket 88–1554.

United States Court of Appeals,
Second Circuit.

Submitted March 29, 1989.

Decided June 23, 1989.

Paul E. Warburgh, Jr., New York City (Axelrod & Warburgh, New York City, of counsel), for defendant-appellant.

Jacques Semmelman, Asst. U.S. Atty., Brooklyn (Andrew J. Maloney, U.S. Atty. E.D.N.Y., David C. James, Asst. U.S. Atty., Brooklyn, of counsel), for appellee.

Before FEINBERG, PIERCE, and BROWN,* Circuit Judges.

PER CURIAM:

This is an appeal from a sentence imposed by the United States District Court for the Eastern District of New York (Korman, *Judge*), under the Sentencing Guidelines. *See* United States Sentencing Commission, *Guidelines Manual* (issued pursuant to the Sentencing Reform Act of 1984, Pub.L. No. 98–473, tit. II, 98 Stat.1987 (codified as amended in scattered sections of 18 & 28 U.S.C.)). Appellant claims that the district court erroneously calculated his sentence under the Sentencing Guidelines by selecting the base offense level for sentencing purposes based upon the full amount of drugs seized—21 kilograms of cocaine—rather than upon the lesser amount that appellant admitted possessing. Appellant points out that, though the indictment charged appellant with possessing in excess of 5 kilograms, the superseding information, filed by the government as a result of a plea bargain with appellant, only charged him with possessing more than 500 grams of cocaine. He argues that the government's agreement to move to dismiss the original charges in the indictment, once granted, achieved the same effect as an acquittal, and that thus his sentence should not have been based upon the full amount underlying the original indictment.

For the reasons set forth below, we affirm.

## BACKGROUND

On April 22, 1988, appellant was arrested on a street in Rego Park, Queens, in New York City, while carrying a plastic bag containing slightly less than 5 kilograms of cocaine. With appellant's consent, federal agents searched a nearby apartment—which appellant identified as his—and found a handgun and approximately 7 additional kilograms of cocaine. Earlier in the day, his alleged co-conspirator, Oscar Civelli, had been arrested shortly after he left appellant's house in Staten Island, New York, and was found to be carrying 9 kilograms of cocaine. Thus, during this brief episode, the officers seized, in total, roughly 21 kilograms of cocaine, all of approximately 95% purity.

Appellant and Civelli were indicted for conspiracy to distribute cocaine, possession of more than 5 kilograms of cocaine with intent to distribute, and use of a firearm during a drug trafficking offense. Subsequently, in return for appellant's agreement to plead guilty to a superseding information charging him with possession with intent to distribute more than 500 grams of cocaine, the government agreed to move to dismiss the original indictment. On Au-

* Hon. John R. Brown, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

gust 15, 1988, appellant pleaded guilty to the superseding information before Judge Nickerson. During his plea allocution, appellant admitted that, at the time of his arrest, he was carrying 4 kilograms of cocaine which he intended to deliver to another person.

Although appellant had only pleaded guilty to possessing more than 500 grams with intent to distribute, the presentence report prepared thereafter took into account the full amount of drugs seized during the episode—21 kilograms—in calculating appellant's sentence under the Sentencing Guidelines. This resulted in a "base offense level" of 34. *See Guidelines Manual, supra,* § 2D1.1. Two levels were subtracted because appellant acknowledged his responsibility in the offense. *Id.* § 3E1.1. Thus appellant's "total offense level" was 32,[1] which translated into a Guidelines sentencing range of 121–151 months. *Id.* ch. 5, pt. A (sentencing table). In contrast, had appellant's sentence been based upon the 4 kilograms of cocaine which he admitted possessing, and had he still acknowledged responsibility, the corresponding sentencing range would have been 78–97 months.

At a hearing held before Judge Korman on November 17, 1988, appellant strenuously objected to the use of the full 21 kilograms of cocaine in calculating the sentence. Appellant's counsel argued that it was unfair for the sentence to be based upon amounts which appellant had not admitted possessing. After a lengthy colloquy with counsel, Judge Korman offered appellant an opportunity to withdraw his plea, if it had been given as a result of some misunderstanding of the Sentencing Guidelines. The sentencing hearing was adjourned, so that appellant might have time to weigh the court's offer. However, when the sentencing hearing was reconvened on November 29, 1988, appellant declined to withdraw his plea. Judge Korman sentenced appellant to 121 months' imprisonment, imposed a $50 special as-

sessment, and ordered 4 years of supervision upon release.

## DISCUSSION

On this appeal, appellant argues that the government, by agreeing to dismiss the more serious charges, was impliedly conceding that it lacked adequate proof to convict on those charges. Thus, urges appellant, the dismissed charges should have been treated as acquittals, and actions or amounts of narcotics relevant to the dismissed charges should not have been used in calculating his sentence under the Sentencing Guidelines. Appellant argues that his sentence should have been based upon the amount of cocaine that he actually admitted possessing, approximately 4 kilograms, rather than upon the full 21 kilograms seized.

We consider appellant's claim to be simply a recharacterization of an argument that we have considered and rejected at least twice because it runs counter to the plain language of the Guidelines. *See United States v. Guerrero,* 863 F.2d 245 (2d Cir.1988); *United States v. Fernandez,* 877 F.2d 1138 (2d Cir.1989). The Guidelines state that a sentence for this category of offense should be based upon all "acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Guidelines Manual, supra,* § 1B1.3(a)(2) (Jan. 15, 1988). The commentary to the Guidelines makes clear that, "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan." *Id.* commentary.

Based on that explicit language, this court, first in *Guerrero* and again in *Fernandez,* held that a Guidelines sentencing range for drug trafficking should properly be based upon all the drugs that were part of the same scheme as the offense of con-

---

1. Originally, appellant's sentence was enhanced by another two levels because of the use of a handgun during the offense. *See Guidelines Manual, supra,* § 2D1.1(b)(1). The appellant, however, challenged that enhancement at sentencing. The government declined to press the issue, so the handgun was not taken into account in calculating appellant's sentence.

viction, even if the charges regarding the larger amounts of drugs were not prosecuted in return for the defendant's plea of guilty. *See Guerrero,* 863 F.2d at 249; *Fernandez,* 877 F.2d at 1141–42.

Appellant strains to avoid those earlier rulings by arguing that the government's decision to drop a charge is tantamount to an acquittal. That position, however, fundamentally misconstrues the factors underlying the government's decision, through a plea agreement, to move to dismiss a charge. The government's decision to dismiss a charge—to "charge bargain"—turns in part on considerations of strategy and available resources. The government's decision to forego full prosecution can rest on "[s]uch factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan." *See Wayte v. United States,* 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985); *see also* United States Department of Justice, *Plea Policy for Federal Prosecutors* (Mar. 13, 1989), *reprinted in* 1 Fed.Sent. Rep. 421, 422 (1989). Thus, unlike an acquittal, a prosecutor's agreement to drop a charge does not depend solely on the sufficiency of the evidence.

Since we conclude that dismissals are not functionally equivalent to acquittals, and since there were no acquitted charges in this case, we need not express any opinion regarding the proper treatment of acquitted charges in calculating sentencing ranges under the Guidelines. Instead, resting on the language of the Guidelines and our earlier decisions in *Guerrero* and *Fernandez,* we hold only that the district court correctly calculated the appellant's Guidelines sentencing range based upon the full amount of cocaine seized from appellant and his alleged coconspirator. The decision of the district court is, therefore, affirmed.