UNITED STATES of America

v.

John "Ali" WILLIAMS, Appellant.

No. 90–5004.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
On Oct. 12, 1990.

Decided Oct. 24, 1990.

Peter V. Ryan, West Orange, N.J., for appellant.

Edna B. Axelrod, R. David Walk, Jr., Office of U.S. Atty., Newark, N.J., for appellee.

Before GREENBERG, HUTCHINSON and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

This appeal involves the application of the federal sentencing guidelines to appellant John Williams. The facts are not complicated. On February 14, 1989, a federal grand jury indicted Williams as part of a large cocaine trafficking operation. The original indictment charged Williams and 19 others with conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine. The grand jury returned a superseding indictment on March 23, 1989 adding another defendant to the conspiracy and 55 new counts, alleging various offenses committed in furtherance of the conspiracy.

Before trial, Williams entered into a plea agreement. Williams agreed to plead guilty to a lesser-included conspiracy charge; namely, a conspiracy to distribute and possess with intent to distribute an amount of cocaine in excess of 500 grams but less than five kilograms. Both parties further agreed that the appropriate base offense level under the guidelines was 32 and that Williams should receive a two

point reduction for accepting responsibility. In addition, Williams agreed that the total amount of cocaine "reasonably foreseeable" to be handled in connection with the conspiracy was between 5 and 14.9 kilograms. The parties did not stipulate to the amount of cocaine actually possessed by Williams.

At the sentencing hearing, the district court relied on the above information, setting an adjusted offense level of 30 and sentencing Williams within the guidelines range to 108 months. The court considered the amount of cocaine reasonably foreseeable by the defendant rather than the amount stated in the offense to which Williams pled guilty.

### I.

■ We review the factual findings of the sentencing court for clear error, while issues of law raised by the court's application of the sentencing guidelines are reviewed *de novo*. 18 U.S.C. § 3742(e). Where the sentencing court includes illegal drugs not specified in the count of conviction as part of a common scheme or plan and calculates the offense level based on this greater amount, we review that determination only for clear error. *United States v. Mocciola*, 891 F.2d 13, 16 (1st Cir.1989) (citation omitted).

### II.

■ At the time of sentencing, the sentencing guideline for drug conspiracy convictions was section 2D1.4.[1] Section 2D1.4 directs the sentencing court to the guideline for the object offense. In Williams' case, the drug offense is 21 U.S.C. § 841(a)(1) which makes it unlawful for any person to knowingly or intentionally manufacture, distribute, dispense, or possess with the intent to manufacture, distribute, or dispense, a controlled substance. The corresponding guideline is Section 2D1.1. Under § 2D1.1(a)(3), the base offense level for a drug offense not resulting in death or serious bodily injury is determined by ref-

---

1. We have already rejected the contention that the relevant guidelines are those in effect at the time the offense was committed. *See United* States v. Cianscewski, 894 F.2d 74, 77 n. 6 (3d Cir.1990).

erence to 2D1.1(c) "Drug Quantity Table" which under subsection (6) rates possessing a quantity of cocaine between five and fifteen kilograms as Base Offense Level 32. The district court quantified the amount of drugs by turning to section 1B1.3 which defines relevant conduct.[2]

> In the case of criminal activity undertaken in concert with others, whether or not charged as a conspiracy, the conduct for which the defendant "would be otherwise accountable" also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was *reasonably foreseeable* by the defendant.

U.S.S.G., § 1B1.3, Application Note 1 (emphasis supplied).

Aside from the fact that Williams' plea agreement stipulates the amount reasonably foreseen by Williams to be between 5 and 14.9 kilograms, every court of appeals ruling on this issue has held that a sentencing court may consider drug quantities outside the offense of conviction. *United States v. Blanco*, 888 F.2d 907, 909–911 (1st Cir.1989); *United States v. Fernandez*, 877 F.2d 1138, 1141–1142 (2d Cir.1989); *United States v. Williams*, 880 F.2d 804, 805–806 (4th Cir.1989); *United States v. Woolford*, 896 F.2d 99, 102–104 (5th Cir.1990); *United States v. Sailes*, 872 F.2d 735, 737–738 (6th Cir.1989); *United States v. Guerrero*, 894 F.2d 261, 265–266 (7th Cir.1990); *United States v. Allen*, 886 F.2d 143, 145–146 (8th Cir.1989); *United States v. Rutter*, 897 F.2d 1558, 1560–62 (10th Cir.1990) *cert. denied,* —— U.S. ——, 111 S.Ct. 88, 112 L.Ed.2d 60 (1990); *United States v. Alston*, 895 F.2d 1362, 1371–72 (11th Cir.1990). The rationale for including relevant conduct outside the offense of conviction is clear. Generally, the Guidelines limit conduct to acts embodied in the "charged" offense. However, in " 'fungible item' crimes such as those involving drugs or money," *Blanco*, 888 F.2d at 911, the court considers conduct of the "real" offense. "[T]he Commission has said that courts should punish convicted defendants

by taking into account all the drugs or money that form part of the same conduct, scheme or plan." *Blanco*, 888 F.2d at 911; *see also* U.S.S.G., § 1B1.3(a)(2). Furthermore, the commentary to the Guidelines clearly indicates that "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." U.S.S.G. § 1B1.3, Background, p. 1.20; *United States v. Woolford*, 896 F.2d 99, 103 (5th Cir.1990) (quoting above language with approval in drug conspiracy case). We consider commentary critical to correctly interpreting the Guidelines. *United States v. Ofchinick*, 877 F.2d 251, 257 (3d Cir.1989).

Williams urges us to limit the quantity taken into account to the lesser amount stated in the offense of conviction and adopt the rationale expressed in *United States v. Restrepo*, 883 F.2d 781 (9th Cir. 1989). *Restrepo* advocated the rule of lenity when considering drug quantities not embodied in the offense of conviction. This case goes against the rationale of the Guidelines, the force of logic, the weight of precedent in other Courts of Appeals, and remains uncertain even within the Ninth Circuit. *United States v. Restrepo*, 883 F.2d 781 (9th Cir.1989), *opinion withdrawn on rehearing by* 903 F.2d 648 (9th Cir.1990), *reh'g granted,* 912 F.2d 1568 (9th Cir.1990). Hence, we reject that view and follow the reasoning set forth in *Blanco* and its progeny.

## III.

## CONCLUSION

We conclude that the district court did not err when it added drug quantities that Williams admitted were associated with other counts to drug quantities for the offense covered by the conspiracy convic-

---

**2.** Section 2D1.4, Application Note 1, directs the sentencing court to section 1B1.3, Application Note 1 when the defendant is convicted of conspiracy.

tion. We will affirm the district court's judgment of sentence.