948 F.2d 782
 292 U.S.App.D.C. 190
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellant,
v.
Raymond F. ADAMS, Appellee.
 No. 90-3265.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 5, 1991.
 
 Before HARRY T. EDWARDS, RUTH BADER GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum it is
 ORDERED and ADJUDGED that the judgment of the District Court be reversed and the case remanded.
 
 
 1
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 2
 On August 6, 1990, pursuant to a plea agreement, appellee Raymond Adams pleaded guilty to one count of distribution of over five but less than 50 grams of cocaine base on October 26, 1989, in violation of 21 U.S.C.A. § 841(a) and (b)(1)(B)(iii) (West 1981 & Supp.1991). Consistent with the plea agreement, the Government dropped a second charge which alleged distribution on November 9, 1989 of over 50 grams of cocaine base in violation of 21 U.S.C.A. § 841(a) and (b)(1)(A)(iii) (West 1981 & Supp.1991).
 
 
 3
 At sentencing, the District Judge calculated the base offense level using only the drugs related to the October 26 transaction to which Adams had pleaded guilty. Consequently, Adams' base offense level was 26, the level for distribution of less than 50 grams. See 21 U.S.C.A. § 841(b)(1)(B)(iii) (West 1981 & Supp.1991). After making a two-level downward adjustment for acceptance of responsibility, the Judge sentenced Adams to a term of 51 to 63 months. In imposing this sentence, the District Judge rejected the Government's contention that, in calculating the base offense level, charges relating to both the October 26 and November 9 transactions should be added together to determine the amount of drugs involved. This appeal ensued.
 
 
 4
 The Government challenges Adams' sentence, arguing that the United States Sentencing Guidelines ("U.S.S.G") sections 1B1.3(a)(2) and 3D1.2(d) required that the amount of cocaine involved in the November 9 transaction be used to compute the base offense level, whether or not the defendant was convicted of selling those amounts. Under the Government's theory, the October 26 and November 9 amounts would be combined to yield a much higher base offense level, and Adams would have received a more severe sentence.
 
 
 5
 The interpretation of the Sentencing Guidelines presents a purely legal question that we review de novo. United States v. Burke, 888 F.2d 862, 865 (D.C.Cir.1989). We agree with the Government that the Guidelines require courts to consider in sentencing all drug quantities found to be part of the "same course of conduct or common scheme or plan as the offense of conviction," including amounts in dismissed counts. U.S.S.G. § 1B1.3.
 
 
 6
 The Guidelines specifically instruct courts to include in the base offense level computation related conduct not covered by the counts of conviction:
 
 
 7
 Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level ... shall be determined on the basis of the following: ...
 
 
 8
 ....
 
 
 9
 (2) [S]olely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction.
 
 
 10
 U.S.S.G. § 1B1.3 (1991).
 
 Section 3D1.2(d) provides that
 
 11
 [a]ll counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule ...
 
 
 12
 ....
 
 
 13
 (d) [w]hen the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of the substance involved ... if the offense or behavior is ongoing or continuous.
 
 
 14
 Id. at § 3D1.2(d).
 
 
 15
 Thus, if the appropriate Guideline "specifies more than one base offense level" for the type of crime and the offense is "of a character for which section 3D1.2(d) would require grouping of multiple counts," all acts that are part of the "same course of conduct or common scheme or plan as the offense of conviction" must be included in the base offense level calculation. Id. at § 1B1.3, 3D1.2.
 
 
 16
 Furthermore, the Sentencing Guidelines Commentary supports this interpretation: "where the defendant is engaged in three sales of 10, 15, and 20 grams of cocaine, as part of the same course of conduct or common scheme or plan ... the total quantity of cocaine involved (45 grams) is to be use to determine the offense level even if the defendant is convicted of a single count involving only one of the sales." U.S.S.G. § 1B1.3, comment. (n. 2) (Nov.1991). We adopted this interpretation of the Guidelines in United States v. Salmon, No. 91-3073, slip op. at 2 (D.C.Cir. Nov. 12, 1991).[1]
 
 
 17
 Applying this reading to the facts, the court must add the 85 grams of November to the 14 grams of the conviction if it is found that both sales were "part of the same course of conduct or common scheme or plan." Id. § 1B1.2. First, Adams pleaded guilty to distribution of cocaine under 21 U.S.C.A. § 841(a). The applicable Guideline, section 2D1.1(c), contains a number of base offense levels each relating to a specific weight of drugs. Second, section 3D1.2(d) requires grouping of multiple counts involving "substantially the same harm," defined as when the base offense level is determined by the quantity of the substance involved. U.S.S.G. § 3D1.2(d). Therefore, the drug quantities alleged in the separate counts must be totaled if the counts are part of the "same course of conduct or common scheme or plan as the offense of conviction." Id. at § 1B1.3.
 
 
 18
 The question remains whether the October 26 and November 9 transactions were part of the "same course of conduct or a common scheme or plan." Id. Thus, the District Court must determine whether the Government has shown, by a preponderance of the evidence, that the second sale (relating to the 85 grams in the November 9 transaction) was "part of the same course of conduct or a common scheme or plan as the offense of conviction." Id.; see also Salmon, No. 91-3073, slip op. at 4. We remand for this determination and for resentencing consistent with this order.
 
 
 
 [1]
 All circuits considering this interpretative question, have resolved it similarly. See e.g., United States v. Blanco, 888 F.2d 907, 909 (1st Cir.1989); United States v. Bedoya, 878 F.2d 73, 75 (2d Cir.1989); United States v. (John) Williams, 917 F.2d 112, 114 (3d Cir.1990), cert. denied, 111 S.Ct. 1001 (1991); United States v. (Anthony) Williams, 880 F.2d 804, 806 (4th Cir.1989); United States v. Taplette, 872 F.2d 101, 106 (5th Cir.1989); United States v. Smith, 887 F.2d 104, 106-07 (6th Cir.1989); United States v. White, 888 F.2d 490, 496-97 (7th Cir.1989); United States v. Allen, 886 F.2d 143, 146 (8th Cir.1989); United States v. Restrepo, 903 F.2d 648, 653 (9th Cir.1990)