966 F.2d 1446
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
George C. VINEYARD, JR., Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
RAYMOND Warner, Defendant-Appellant.
 No. 91-5173.
 No. 91-5174.
 United States Court of Appeals,
Fourth Circuit.
 No. 91-5173 Submitted: March 10, 1992 No. 91-5174 Argued:
 April 10, 1992
Decided: June 24, 1992
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CA-91-89-N)
 Argued: George Holton Yates, Virginia Beach, Virginia, for Appellant Warner.
 William Graham Otis, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 On Brief: R. Wayne Nunnally, R. Wayne Nunnally, P.C., Norfolk, Virginia, for Appellant Vineyard.
 Richard Cullen, United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE and HAMILTON, Circuit Judges, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 A jury found defendant-appellant Raymond Warner guilty of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1988) and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (1988), but acquitted him on a charge of possessing one kilogram of cocaine base ("crack cocaine") with intent to distribute. Appellant Warner appeals the district court's decision to enhance his sentence on the first two charges based on a finding that he was in possession of one kilogram of crack cocaine and a firearm at the time of his arrest.
 
 
 2
 The same jury convicted defendant-appellant, George C. Vineyard, Jr., of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1988). Appellant Vineyard's appeal arises from alleged prejudicial questioning by the district judge during his trial. There being no error in the district court's determinations, we affirm.
 
 I.
 
 3
 The government apprehended appellants by means of an undercover operation conducted by a joint task force consisting of the Drug Enforcement Administration ("DEA") and Virginia Beach Police. Via a non-indicted, co-conspirator in New York City, Detective Richard Brown ("Brown") of the DEA was able to communicate with appellant, Raymond Warner. Over a period of time, Warner offered to sell Brown a significant quantity of cocaine. Brown expressed a willingness to purchase these drugs. These conversations were recorded and admitted as evidence at trial.
 
 
 4
 On May 27, 1991, appellant Warner came into possession of the drugs he proposed to sell to Brown. The two men had a conversation where they arranged the final monetary details and a location for the transaction. Immediately thereafter, Brown notified members of the police task force of the location of the pending drug sale, a Denny's Restaurant parking lot located on Newtown Road in Virginia Beach, Virginia. Brown then proceeded to meet appellant Warner at this location.
 
 
 5
 When Brown arrived at the restaurant parking lot, Warner, who was already there, delivered two packages to him. These packages contained two kilograms of cocaine. At the time of the delivery there were two men with Warner: appellant, George C. Vineyard, Jr., and defendant, Norvell A. Megginson. Appellant Warner informed Brown that these men were his backup and that they had delivered the cocaine from New York. After the exchange of drugs and money, Brown signaled for the police to arrest the three men. After the arrests, the police recovered car keys from appellant Vineyard which opened the trunk of a 1967 Pontiac Grand Prix located in the restaurant parking lot. When police searched the vehicle, they found one kilogram of crack cocaine and a firearm.
 
 
 6
 On June 11, 1991, a Grand Jury issued a three count indictment charging Warner, Vineyard and Megginson with: (1) conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1988) (Count One); (2) distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (1988) (Count Two) and (3) possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1988) (Count Three).
 
 
 7
 On August 8, 1991, after a four-day trial, a jury convicted Warner on Count One (conspiracy) and Count Two (distribution) and Vineyard on the conspiracy count. The jury acquitted defendant Megginson on all counts.
 
 
 8
 On October 15, 1991, Judge Rebecca B. Smith sentenced appellant Vineyard to 78 months imprisonment, imposed a $5,000 fine and ordered supervised release of five years. Judge Smith sentenced appellant Warner to concurrent terms of 240 months imprisonment on Counts One and Two with periods of supervised release of four years and five years, respectively.
 
 II.
 A.Warner's Appeal
 
 9
 As stated above, a search of the three defendants' vehicle, a Pontiac Grand Prix, revealed that one kilogram of crack cocaine and a firearm were in its trunk. However, the jury acquitted Warner on the charge arising from this discovery because the government was unable to prove beyond a reasonable doubt that appellant Warner had possessed these items. (J.A. 613). Nonetheless, at sentencing the lower court enhanced Warner's sentence for possession of both the crack cocaine and the firearm. (J.A. 661-62). Had the district court not done so, Warner would have faced a maximum term of incarceration of 78 months.
 
 
 10
 In support of Warner's sentence, the trial court cited this Court's opinion in United States v. Isom, 886 F.2d 736, 738 (4th Cir. 1989), where it was held that, because a lower "preponderance of the evidence" burden of proof is allowed under the Federal Sentencing Guidelines, it was not improper for a sentencing judge to take into account a charge for which someone had been acquitted during sentencing. (J.A. 660). The district court then found by a preponderance of the evidence that Warner had possessed the Pontiac Grand Prix where the drugs were found. (J.A. 658). Once it had established possession of the vehicle, the court then inferred that because Warner was a large-scale drug dealer and was in possession of the Pontiac Grand Prix where a kilogram of crack cocaine was found, the crack cocaine must have belonged to Warner. (J.A. 662-63). As for the firearm, the trial court found it proper to consider it in sentencing on the basis of a statement attributing the gun to Warner made by Warner's co-defendant, Vineyard, immediately after his arrest. (J.A. 663).
 
 
 11
 Warner's appeal raises one issue: whether, under the applicable provisions of the Federal Sentencing Guidelines, the trial court erred in enhancing his sentence for conduct of which he was acquitted by a jury at trial. Appellant Warner's argument is twofold. First, he contends that the government failed to illustrate by a preponderance of the evidence that appellant Warner was in possession, either actual or constructive, of the one kilogram of crack cocaine or firearm which were located in the Pontiac Grand Prix trunk. This is so, according to Warner, because the only evidence of such possession was the testimony of Detective Hayden. Appellant Warner asserts that the government offered this testimony as rebuttal evidence to the previously proffered testimony of appellant Vineyard. Thus, Warner argues, the evidence was useful purely as impeachment evidence and not for substantive purposes. Therefore, according to Warner, Hayden's testimony was not in evidence against him and the trial court's consideration of it as substantive evidence in sentencing him was error and should be reversed. Alternatively, Warner maintains, that even if Hayden's testimony was in evidence against him, he did not have an opportunity to adequately cross-examine Hayden concerning the hearsay statements attributed to Vineyard upon which Hayden based his testimony. Additionally, Warner contends that the trial court's findings as to his possession of the cocaine and firearm were speculative and insufficient under Virginia law to survive a motion to dismiss.
 
 
 12
 The government argues that there was clearly sufficient evidence in the record to convince a reasonable person of the probable existence of a link between appellant Warner and the crack cocaine and firearm which were found in the trunk of the Pontiac Grand Prix. Thus, the government argues, the evidence readily eclipses the preponderance of the evidence standard established by the Federal Sentencing Guidelines. Accordingly, the government maintains that the factual findings of the trial judge are not clearly erroneous and should be affirmed.
 
 B.Discussion
 
 13
 Amounts of drugs which represent conduct that the defendant is neither convicted of nor charged with but which"were part of the same course of conduct or common scheme or plan as the offense of conviction," may be used to enhance that defendant's offense level. See United States v. Mak, 926 F.2d 112, 113 (1st Cir. 1991); United States v. Sklar, 920 F.2d 107, 110 (1st Cir. 1990); United States v. Alston, 895 F.2d 1362, 1371-72 (11th Cir. 1990); United States v. Blanco, 888 F.2d 907, 909-11 (1st Cir. 1989); United States v. White, 888 F.2d 490, 496-97 (7th Cir. 1989); United States v. Bedoya, 878 F.2d 73, 75-76 (2nd Cir. 1989). Further, a verdict of acquittal demonstrates only a lack of proof beyond a reasonable doubt; it does not necessarily establish the defendant's innocence. Isom, 886 F.2d at 738. Finally, it is settled law that, at sentencing, the government must only establish facts under the Sentencing Guidelines by a preponderance of the evidence. United States v. Urrego-Linares, 879 F.2d 1234, 1238 (4th Cir. 1989), cert. denied, 493 U.S. 943 (1989).
 
 
 14
 In the instant case, the evidence indicates that the trial judge, utilizing the lesser standard of proof allowed at sentencing, properly increased appellant Warner's offense level by attributing the kilogram of crack cocaine and the firearm to Warner as conduct relevant to his overall drug operation. Even though the keys to the Pontiac Grand Prix were found in appellant Vineyard's possession when the defendants were arrested, there is ample evidence to support a finding that appellant Warner possessed the vehicle. First, Detective Hayden testified that appellant Vineyard declared at the time of his arrest that the three men, Warner, Vineyard and Megginson rode to the Denny's Restaurant parking lot together in the Grand Prix and that Warner drove the car. (J.A. 533). Second, Vineyard testified that he was in possession of the car keys because Warner gave them to him for "safekeeping," not because the car belonged to him. (J.A. 534).
 
 
 15
 There is also substantial evidence supporting the district court's conclusion that Warner possessed the crack cocaine and firearm found in the vehicle. First, Detective Brown's testimony and government tape recordings illustrated that Warner operated his drug business on a large scale. (J.A. 305-80). Specifically, Brown testified that appellant Warner boasted that he could provide Brown with as many as six kilograms of cocaine every Friday. (J.A. 360). Further, on the morning of the two kilogram cocaine transaction between Brown and Warner, Warner indicated that he had three kilograms of cocaine in his possession, even though Brown was to purchase only two. (J.A.
 
 
 16
 369). A reasonable inference to be drawn from Warner's possession of the Pontiac Grand Prix and his proclivity to sell large quantities of cocaine was that the one kilogram of cocaine base in the trunk of the car belonged to him as part of his drug inventory.
 
 
 17
 As for the firearm, Detective Hayden testified that appellant Vineyard had stated that Warner knew about the firearm in the trunk of the car as Vineyard had seen Warner handling the weapon in the past. (J.A. 123, 536). The trial court determined that Vineyard's statement was credible. (J.A. 663). This evidence of Warner's knowledge of the weapon provides an adequate basis for the district court's finding that Warner "possessed" the gun for the purposes of sentencing. Such a finding must not be disturbed absent clear error. There being no such error in this case, we affirm.
 
 IV.
 A.Vineyard's Appeal
 
 18
 During the course of appellant Vineyard's trial, Judge Smith questioned him in order to clarify his testimony regarding a trip he had allegedly taken to New York City and on the extent of his assistance to Warner. (J.A. 447). It is this questioning by Judge Smith which gives rise to his appeal.
 
 
 19
 Appellant Vineyard concedes that it is well established that a federal judge in a trial has the authority to comment on evidence, question witnesses, and even call witnesses. See United States v. Norris, 749 F.2d 1116, 1123 (4th Cir. 1984), cert. denied, 471 U.S. 1065 (1985); Crandell v. United States, 703 F.2d 74, 78 (4th Cir. 1983). However, appellant Vineyard argues that the manner in which Judge Smith questioned him during his trial prejudiced the jury and was error.
 
 B.Discussion
 
 20
 Appellant Vineyard's argument is without merit. Nothing in the record indicates that Judge Smith questioned appellant Vineyard in a way that would have unduly prejudiced the jury against him. It is true that during his trial, appellant Vineyard's credibility may have suffered. However, his lack of credibility was not created by Judge Smith's questions. Instead, the record clearly illustrates that such a credibility problem can be attributed solely to appellant Vineyard's inconsistent testimony and his impeachment by Detective Hayden's testimony. Furthermore, Judge Smith instructed the jury that any remark by her from the bench was not an indication of any opinion of the facts. (J.A. 469, 596). This instruction adequately protected appellant Vineyard from any undue prejudice. Accordingly, the jury's verdict will stand.
 
 
 21
 Therefore, there being no error in the district court's determinations, the judgments of that court as to both appellant Warner and appellant Vineyard are hereby
 
 
 22
 AFFIRMED.