NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2942
_____

UNITED STATES OF AMERICA

v.

CHARLES J. SECHLER,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-03-cr-00032-008)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2013

Before:  SMITH, FISHER and CHAGARES, *Circuit Judges*.

(Filed:  August 13, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Charles Sechler appeals from his judgment of sentence in the Middle District of

Pennsylvania, challenging its reasonableness and raising an Eighth Amendment

challenge.  We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Sechler was convicted on July 30, 2007 of conspiracy to distribute and to possess with intent to distribute more than 500 grams of methamphetamine and in excess of 100 kilograms of marijuana in violation of 21 U.S.C. § 846; attempt to manufacture marijuana in violation of 21 U.S.C. § 846; and possession of equipment to manufacture marijuana in violation of 21 U.S.C. § 843(a)(6).

The presentence report indicated that Sechler's offenses involved at least 15 kilograms of methamphetamine and 100 kilograms of marijuana, leading to a base offense level of 38. *See* U.S.S.G. § 2D1.1. Sechler had a criminal history category of I. After applying a two-level gun enhancement, U.S.S.G. § 2D1.1(b)(1), a four-level conspiracy leadership enhancement, U.S.S.G. § 3B1.1(a), and a two-level obstruction of justice enhancement, U.S.S.G. § 3C1.1, the report calculated Sechler's total offense level at 46, which resulted in an advisory Sentencing Guidelines range of life in prison.

Sechler objected to the determined amount in possession, contending that trial testimony had established that the offense involved 14.55 kilograms of methamphetamine and 70.90 kilograms of marijuana, making the base offense level 36 instead of 38. He further objected to the firearm and conspiracy leadership enhancements, arguing that they

2

were based on insufficient evidence. Sechler also argued that his sentence was overly harsh based on several factors under 18 U.S.C. § 3553(a), including a lack of a criminal history, his liver disease, and a lower risk of recidivism. He also sought a downward departure for his "reduced mental capacity" and his "advanced" liver disease. *See* U.S.S.G. §§ 5K2.13 and 5K2.0.

The District Court overruled Sechler's objections and denied Sechler's variance and departure requests, noting that Sechler was a "very manipulative individual" and that the Bureau of Prisons could adequately treat Sechler's Hepatitis C and liver disease. App. at 56-57. The District Court sentenced Sechler to a term of life imprisonment, followed by five years of supervised release, and ordered him to pay a $300 special assessment. Sechler timely appealed to this Court.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

We apply an abuse of discretion standard when reviewing a sentencing decision. *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008) (citations omitted). We review a district court's sentencing decision for significant procedural error, which could include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."

3

*Gall v. United States*, 552 U.S. 38, 51 (2007). We review "a district court's factual findings in connection with a Guidelines enhancement for clear error." *United States v. Zats*, 298 F.3d 182, 185 (3d Cir. 2002). Those findings must be supported by a preponderance of the evidence. *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989).

We review unpreserved Eighth Amendment challenges for plain error. *United States v. Couch*, 291 F.3d 251, 252-53 (3d Cir. 2002). When evaluating proportionality challenges to sentences, we defer to the legislature in determining the punishments for crimes. *United States v. MacEwan*, 445 F.3d 237, 247 (3d Cir. 2006).

## III.

On appeal, Sechler argues (A) that the District Court procedurally erred in calculating his Guidelines range; (B) that the District Court selected an unreasonably harsh sentence and unreasonably refused to depart from the Guidelines range; and (C) that his life sentence violates the Eighth and Fourteenth Amendments.[1] Each of these arguments fails.

---

[1] Sechler filed a supplemental motion pursuant to Fed. R. App. P. 28(j), contending that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), requires Sechler's level enhancements to go to a jury. He is incorrect. Because no mandatory minimum penalty was at issue, *Alleyne* is inapplicable to this case.

4

A.

Sechler contends that the District Court procedurally erred when it calculated his base offense level at 38 because a "total preponderance of the credible corroborated evidence" presented at trial indicated that he was responsible for an amount of drugs warranting a base offense level of 36, Appellant's Br. at 19, and because the District Court inappropriately applied enhancements.

We hold Sechler accountable for the drugs distributed by his coconspirators in a jointly-undertaken criminal scheme that was reasonably foreseeable by the defendant. *See United States v. Williams*, 917 F.2d 112, 114 (3d Cir. 1990) (quoting U.S.S.G. § 1B1.3 app. n. 1). Estimation is sometimes necessary in calculating drug amounts. *United States v. Paulino*, 996 F.2d 1541, 1545 (3d Cir. 1993). Here, the evidence showed, among other things, that the drug conspiracy, which began with marijuana and later included methamphetamine, operated from 1995 to 2003. Numerous pieces of evidence supported the District Court's calculation, including one of Sechler's coconspirators' testimony that he had received approximately 50 pounds of methamphetamine from Sechler during their criminal relationship. Supp. App. at 154. Additional evidence demonstrated that another of Sechler's coconspirators dealt extensively in methamphetamine and marijuana – distributing at least 9 kilograms of methamphetamine to a sub-distributor. The jury found Sechler guilty of engaging in a methamphetamine and marijuana trafficking conspiracy. The drug distributions by

Sechler's coconspirators were done in furtherance of that conspiracy and were reasonably foreseeable by Sechler. We therefore find no support for the conclusion that the District Court clearly erred in holding Sechler responsible for at least 15 kilograms of methamphetamine and 100 kilograms of marijuana.

Sechler also argues that the two-level firearm enhancement and four-level conspiracy leadership enhancement were not supported by a preponderance of the evidence. The firearm enhancement applies when a "weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 app. n. 11; *see United States v. Thorton*, 306 F.3d 1355, 1358 (3d Cir. 2002) (holding that a coconspirator's possession of a handgun during the commission of a drug deal and his admission that the defendant also possessed firearms constituted sufficient evidence to uphold a two-level firearm enhancement). We have reviewed the record and agree with the District Court that the firearm enhancement was warranted by a preponderance of the evidence. Government agents saw Sechler in possession of a firearm near drugs. Supp. App. at 343-44. Additionally, two of his coconspirators possessed guns in relation to their drug conspiracy, and one of them testified that Sechler possessed numerous guns. Supp. App. at 147-48.

Furthermore, we find no clear error in the District Court's conclusion that Sechler was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a); *see also United States v. Phillips*, 959

6

F.2d 1187, 1191 (3d Cir. 1992) (determinative factors include "the exercise of decisionmaking authority, the nature of the participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others" (citations omitted)). Here, the conspiracy included at least eleven members. Sechler provided leadership by directing the actions of couriers, obtaining the services of a drug supplier in California, traveling to the Netherlands for marijuana seeds, fronting drugs to sub-distributors, and threatening coconspirators if they ever decided to turn against him.

Therefore, the District Court did not err in applying the two-level firearm enhancement and the four-level conspiracy leadership enhancement.

B.

Sechler next argues that his sentence is unreasonably harsh and in conflict with the § 3553(a) factors in light of Sechler's status as a first-time offender, his mental problems, and his health problems. After thoroughly reviewing the record, we agree that the District Court "gave meaningful consideration to the § 3553(a) factors." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). We find no support for the argument that Sechler's sentence was illogical or inconsistent with those factors. *Id.* at 330.

Sechler next argues that the District Court failed to consider downward departures. If the District Court understood its authority to depart but exercised its discretion not to do so, we lack jurisdiction over the issue. *United States v. Stevens*, 223 F.3d 239, 247 (3d Cir. 2000). The record demonstrates that the District Court considered Sechler's departure arguments. The court reviewed written submission from Sechler on the issues, App. at 59, and listened to Sechler's motions during sentencing. App. at 53-59. The court acknowledged Sechler's arguments and found that they did not merit a departure. App. at 59. In light of the District Court's awareness of its authority to depart, we lack jurisdiction to hear claims regarding its decision not to do so.

## C.

Finally, Sechler contends that his life sentence violates his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments, but fails to provide any evidence that his crimes are grossly disproportionate to his life sentence. Given that Sechler's sentence is not grossly disproportionate when balanced against the gravity of his offenses, the District Court did not violate the Eighth Amendment by sentencing him to life imprisonment. *See Harmelin v. Michigan*, 501 U.S. 957, 960 (1991) (holding that "life imprisonment without parole . . . is not grossly disproportionate to . . . [the] crime of possessing more than 650 grams of cocaine").

## IV.

For the reasons set forth above, we will affirm the District Court's judgment.