**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1050
_____

UNITED STATES OF AMERICA

v.

TOZINE TILLER, a/k/a TO,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 1:14-cr-00699-006)
District Judge: Hon. Jerome B. Simandle

Submitted under Third Circuit L.A.R. 34.1(a)
January 22, 2019

Before: CHAGARES, BIBAS, <u>Circuit</u> Judges, and SÁNCHEZ, <u>Chief</u> <u>District</u> <u>Judge</u>[*]

(Filed: February 20, 2019)

_____

OPINION[+]
_____

---

[*] The Honorable Juan R. Sánchez, Chief United States District Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

[+] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Tozine Tiller pleaded guilty to distributing 27.6 grams of crack cocaine, which carries a maximum statutory penalty of 20 years of imprisonment. At sentencing, the District Court found that Tiller was responsible for over 3.3 kilograms of cocaine and sentenced him to 235 months of imprisonment. He appeals, arguing that the District Court relied too heavily on hearsay to find a drug quantity too far above the amount to which he pleaded guilty. He also argues that the Government violated his plea agreement by arguing for this higher drug quantity. For the following reasons, we will affirm.

I.

Because we write only for the parties, we recite just those facts necessary to our disposition.

Tiller was indicted of multiple drug offenses related to distributing crack cocaine. Under a plea agreement, Tiller pleaded guilty to distributing 27.6 grams of crack on June 11, 2013, in violation of 21 U.S.C. § 841(b)(1)(C), and the Government dismissed the remaining charges.

At sentencing, the court rejected Tiller's contention that the June 11 transaction was the only relevant conduct as well as the Government's contention that relevant conduct included drug transactions by others in the drug operation. Instead, applying the definition of "relevant conduct" in the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.3, the court determined that "the proper place to draw that line is those distributions of cocaine or crack cocaine by Tozine Tiller himself either to him or from him that were occurring around the same relevant period in time." Appendix

2

("App.") 74. Based on the guilty-plea colloquies and proffer statements of others in the drug operation — corroborated by wiretap transcripts and evidence of controlled buys and drug seizures — the District Court found Tiller personally responsible for transactions of over 3.3 kilograms of crack.

This drug-quantity finding put Tiller's base offense level at 34 (for between 2.8 and 8.4 kilograms of crack). The District Court also found that sufficient reliable evidence supported two-point enhancements for maintaining drug premises and for Tiller's role in the offense, and that Tiller was entitled to a two-point reduction for acceptance of responsibility. The court therefore calculated Tiller's offense level to be 36. With Tiller's Criminal History Category of III, his advisory Guidelines range was 235–293 months, capped at the statutory maximum of 240 months. After considering the 18 U.S.C. § 3553(a) factors, the District Court sentenced Tiller to 235 months of imprisonment. Tiller timely appealed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291.

## III.

Tiller appeals his sentence on two grounds. First, he argues that the District Court committed a procedural error in calculating his Guidelines range. Second, he argues that

the Government violated his plea agreement. Tiller admits that "these issues appear to be non-starters" based on our precedents. Tiller Br. 17. Since we agree, we will affirm.

A.

First, Tiller claims that the District Court overly relied on hearsay to find a drug quantity far exceeding the amount to which he pleaded guilty. We review a claim of procedural error in sentencing for abuse of discretion, here by "ensuring that the district court . . . correctly calculated the defendant's advisory Guidelines range." United States v. Freeman, 763 F.3d 322, 335 (3d Cir. 2014).

Hearsay statements may be considered at sentencing provided that they have some minimal indicium of reliability beyond mere allegation. United States v. Robinson, 482 F.3d 244, 246 (3d Cir. 2007); see also U.S.S.G. § 6A1.3(a) (providing that sentencing courts may consider any evidence that "has sufficient indicia of reliability to support its probable accuracy"). Hearsay evidence corroborated by the record can satisfy this standard without cross-examination. See, e.g., United States v. McClure-Potts, 908 F.3d 30, 37–38 (3d Cir. 2018). Here, the District Court carefully identified evidence corroborating all the drug quantities that it credited and discounted any drug quantities proved solely by allegations. Although Tiller objects to the extent of hearsay that the court considered, he does not claim that any credited evidence was uncorroborated or otherwise insufficiently unreliable. And it is the reliability of hearsay, not how much the court relies on it, that sets "the outer limits on use of hearsay at sentencing." Tiller Br. 17. The District Court therefore committed no procedural error considering and crediting corroborated hearsay.

4

Tiller also objects to the degree that judicial factfinding affected his sentence. He argues that his sentence must be inconsistent with the Fifth and Sixth Amendments because it "is nearly five times higher than the highest sentence he would have received" under the Guidelines based solely on the facts to which he pleaded guilty. Tiller Br. 7. But the crime to which Tiller pleaded guilty carried a sentence of up to 20 years in prison. See 21 U.S.C. § 841(b)(1)(C). Tiller was well advised of this fact in his plea agreement, in his application to plead guilty, and during his plea colloquy, and he acknowledges it now on appeal. Sentencing Tiller within the statutory sentencing range based on judicial factfinding by a preponderance of the evidence accords with our precedents and the Constitution. See, e.g., United States v. Gonzalez, 905 F.3d 165, 205–06 (3d Cir. 2018); United States v. Freeman, 763 F.3d 322, 338 (3d Cir. 2014); United States v. Smith, 751 F.3d 107, 117 (3d Cir. 2014); United States v. Fisher, 502 F.3d 293, 305–08 (3d Cir. 2007).

Tiller recognizes these precedents, but tries to distinguish them. In these cases, Tiller argues, there was "room within the charge" of conviction to find higher drug amounts because the defendant stipulated to drug amounts above the charge or pleaded guilty to several counts, to conspiracy, or to unspecified quantities of drugs. Tiller Br. 22. Since he pleaded guilty only to distributing 27.6 grams of crack once, he believes that "[t]here was no room within the count . . . to go anywhere above 28 grams." Tiller Br. 23. Neither the Constitution nor the Guidelines support this contention. The Constitution permits the court to sentence Tiller within the statutory sentencing range based on judicial factfinding. See Fisher, 502 F.3d at 305–08. And the Guidelines

5

specifically instruct sentencing courts to do so based on "relevant conduct." U.S.S.G. § 1B1.3. Although the Guidelines define "relevant conduct" broadly, the District Court credited only "evidence that Tozine Tiller himself bought cocaine or crack cocaine or sold cocaine or crack cocaine during this period of time" to determine the drug quantity for which Tiller was responsible. App. 52–53; see U.S.S.G. § 1B1.3(a)(1)(A) (defining "relevant conduct" to include "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant").[1] Thus, the distinctions that Tiller notes in these precedents make no legal difference, and the District Court committed no procedural error.

B.

Second, Tiller claims that the Government breached his plea agreement by arguing for a drug quantity above the 27.6 grams of crack that he admitted to distributing, citing Santobello v. New York, 404 U.S. 257, 262 (1971). "Whether the Government has violated the terms of a plea agreement is a question of law, subject to plenary review." United States v. Miller, 833 F.3d 274, 283 (3d Cir. 2016).[2] We ask whether the Government's conduct is inconsistent with what the defendant reasonably understood. Id. at 284. "Reasonably understood is a purely objective standard governed by the

---

[1] Tiller does not identify any transaction that should not have been credited based on when it occurred. Thus, we consider forfeited any challenge to the time period that the District Court considered. See, e.g., United States v. Shaw, 891 F.3d 441, 455 n.17 (3d Cir. 2018).

[2] The Government calls it "debatable" whether Tiller preserved this claim or whether it should be reviewed only for plain error, but "treats it as preserved as the standard of review makes no difference to the outcome." Gov. Br. 33 n.4. We do the same.

common law of contract." United States v. Davenport, 775 F.3d 605, 609 (3d Cir. 2015) (quotation marks omitted).

Tiller argues that "no defendant could reasonably understand that a plea to a single count of distributing fewer than 28 grams of crack cocaine . . . would nonetheless permit the Government to proceed as if he had been convicted on everything." Tiller Br. 25. But the plain language of the plea agreement reserved the Government's right "to take any position" on the appropriate Guidelines base offense level and sentence, "including by relevant conduct." App. 9. And it permitted the Government to disclose "the full nature and extent of Tozine Tiller's activities and relevant conduct with respect to this case." App. 10. Given this language, which was emphasized at his plea hearing, Tiller could not have reasonably understood the plea agreement to bar the Government from arguing that "relevant conduct" included drug transactions besides the one to which he pleaded guilty.[3]

Tiller also argues that he could not have reasonably understood what "relevant conduct" the District Court would find since "counsel below and even the sentencing court struggled with the issue of what was relevant conduct." Tiller Br. 25. But his plea agreement promised no conclusion about "relevant conduct." On the contrary, the

---

[3] Although not relevant to our interpretation of the language of the plea agreement, the Government also notes that there was nothing unusual about its arguing that "relevant conduct" included multiple drug transactions after Tiller pleaded guilty to only a single transaction. The Guidelines provide that "a plea agreement that includes the dismissal of a charge . . . shall not preclude the conduct underlying such charge from being considered under the provisions of § 1B1.3 (Relevant Conduct) in connection with the count(s) of which the defendant is convicted." U.S.S.G. § 6B1.2(a); see also United States v. Williams, 917 F.2d 112, 114 (3d Cir. 1990).

7

Government specifically reserved its right to "take any position" on that question. App. 9. Tiller could — and likely would — take a different position, and the court would have to resolve the issue. In other words, a dispute over "relevant conduct" is all that Tiller's plea agreement promised.

Since the Government's behavior was consistent with the plea agreement as reasonably understood, Tiller's claim of breach fails.

IV.

For these reasons, we will affirm the judgment of sentence.