**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1478

_____

UNITED STATES OF AMERICA

v.

LARRY GILLIAM,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-17-cr-00258-001)
District Judge: Honorable Robert D. Mariani

_____

Argued on November 17, 2021

Before: AMBRO, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: February 8, 2022)

Frederick W. Ulrich          (**ARGUED**)
Quin M. Sorenson
Office of Federal Public Defender
100 Chestnut Street
Suite 306
Harrisburg, PA 17101

          Counsel for Appellant

Todd K. Hinkley          (**ARGUED**)
Office of United States Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA 18503

       Counsel for Appellee

———————

OPINION[*]

———————

ROTH, <u>Circuit Judge</u>

Larry Gilliam pleaded guilty to one count of distribution and possession with intent to distribute heroin and carfentanil, in violation of 21 U.S.C. § 841(a)(1). The District Court sentenced him to fifty-seven months' imprisonment.

Before pleading guilty, Gilliam moved to suppress some of the drugs confiscated by the police. The District Court granted his motion. Nevertheless, as part of Gilliam's plea agreement, the government proposed that Gilliam's sentencing range under the United States Sentencing Guidelines would be based on all the drugs seized by police, including the drugs that the District Court had suppressed before sentencing. The Pre-Sentence Investigation Report based its recommended sentencing range on the total quantity of drugs seized by police.

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7, does not amount to binding precedent.

At the sentencing hearing, Gilliam objected to the fact that his proposed sentencing range involved all the drugs seized by police; according to Gilliam, his sentencing range should have been calculated based on only the quantity of drugs legally obtained by police. In other words, Gilliam wanted the District Court, when calculating his sentencing range, not to consider the suppressed evidence. Relying on our decision in *United States v. Torres*,[1] which held that a district court may consider evidence suppressed for being obtained in violation of the Fourth Amendment when deciding the appropriate sentencing range,[2] the District Court overruled Gilliam's objection.

Gilliam appealed.[3] He invites us to adopt the United States Court of Appeals for the Ninth Circuit's decision in *Verdugo v. United States*.[4] There, where the district court had found that the drugs were illegally seized for the purpose of enhancing the sentence, the Ninth Circuit determined that the exclusionary rule should apply and that the illegally obtained evidence should not have been considered when determining the defendant's sentence.[5] However, we refused to follow *Verdugo* in *Torres* because the facts in *Torres* did not present a situation "where the record showed that evidence was illegally seized *for the purpose of enhancing the sentence*."[6]

---

[1] 926 F.2d 321 (3d Cir. 1991).

[2] *See id.* at 325.

[3] The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review issues of law raised by a district court's application of the United States Sentencing Guidelines de novo, and we review a district court's factual findings for clear error. *See, e.g.*, *United States v. Williams*, 917 F.2d 112, 113 (3d Cir. 1990).

[4] 402 F.2d 599 (9th Cir. 1968), *cert. denied*, 402 U.S. 961 (1971).

[5] *Id.* at 612–13.

[6] *Torres*, 926 F.2d at 325 (emphasis added).

3

Here too, we decline the invitation to follow *Verdugo*. As in *Torres*, Gilliam's case does not present a situation "where the record show[s] that evidence was illegally seized for the purpose of enhancing [Gilliam's] sentence."[7] In fact, in overruling Gilliam's objection, the District Court implicitly made a factual finding that no evidence in the record suggests that police illegally seized drugs for the purpose of enhancing Gilliam's sentence. The District Court specifically overruled Gilliam's objection "on th[e] basis" of *Torres*'s refusal to adopt *Verdugo*.[8] We agree.

For these reasons, we will affirm the District Court's judgment of sentence.

---

[7] *See id.*

[8] App. 129.